IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLEY PRUITT, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    CIVIL ACTION FILE NO.: |
| | :    1:17-CV-04253-CAP-AJB |
| EMORY HEALTHCARE, INC., | : |
| | : |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant Emory Healthcare, Inc., pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully submits this Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Complaint.

## I.   INTRODUCTION

Plaintiff is a former employee of Emory Healthcare, Inc. ("EHC") who worked as a staff nurse. In the Amended Complaint, Plaintiff alleges that EHC's decision to terminate her employment gives rise to claims for disparate treatment based on sex under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII") and Title IX of the Education Amendments of 1972, as amended, 20 U.S.C. §§ 1681, *et seq.* ("Title IX").

Like her original Complaint, Plaintiff's Amended Complaint is littered with conclusory claims, unsupported factual allegations and legal conclusions which are insufficient to withstand scrutiny under Fed. R. 12(b)(6). For example, instead of alleging facts which demonstrate that EHC is an "educational institution" under Title IX, Plaintiff simply alleges that "Defendant is subject to the requirements of Title IX." Moreover, Plaintiff's Title IX claim, which is based on the same sex discrimination allegations as her Title VII claim, is preempted by Title VII. Further, Plaintiff's broad, conclusory allegations concerning her alleged comparators fall woefully short of plausibly alleging that any employees qualify as similarly-situated comparators for purposes of her disparate treatment claim. For these reasons and as more fully explained below, Plaintiff's Amended Complaint should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

## II. THE FACTUAL ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT[1]

Defendant hired Plaintiff in 2007. (ECF No. 1 at ¶ 9). Plaintiff, who is female, was one of the more experienced staff nurses in Defendant's Neuroscience Intensive

---

[1] Under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations contained in Plaintiff's Amended Complaint. Assuming, for purposes of this motion only, that all of Plaintiff's allegations are true, Defendant contends that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Defendant in no way admits that any of Plaintiff's allegations are true and reserves the right to file an Answer to the extent the Court does not dismiss Plaintiff's Amended Complaint.

Care Unit ("Neuro-ICU"). (*Id.* at ¶¶ 10, 18-19). Plaintiff's job title was Nurse Clinician III. (*Id.* at ¶ 10). Nurses and physicians are authorized to withdraw medications from EHC's pharmacy. (*Id.* at ¶ 23). Nurses and physicians are responsible for documenting the withdrawal of medications from the pharmacy, even when the medications are withdrawn pursuant to a physician's verbal order. (*Id.*).

Depending on staffing levels during a given shift, Neuro-ICU nurses may be assigned to specific patients or assigned as a resource nurse. (*Id.* at ¶¶ 20-21). The resource nurse assists the nurses assigned to specific patients. (*Id.* at ¶ 20). Plaintiff does not identify her supervisor or the individual who was responsible for making these nursing assignment decisions in the Neuro-ICU.

According to Plaintiff, only nurses assigned to specific patients are "expected" to document a physician's order to withdraw medication from the pharmacy. (*Id.* at ¶¶ 24-25). Plaintiff worked many night shifts where there was no resource nurse assigned to the Neuro-ICU due to low staffing levels. (*Id.* at ¶ 21). To the extent a resource nurse was assigned on a given shift, he or she was allegedly not subjected to EHC's "expectation" regarding the documentation of medication withdrawals from the pharmacy. (*Id.* at ¶¶ 24-25).

In April 2016, EHC conducted a pharmacy audit which revealed that controlled substances had been withdrawn by employees in the Neuro-ICU for which there was

no documentation.  (*Id.* at ¶¶ 26-27).  Plaintiff was one of the employees who did not document her withdrawals of controlled substances from the pharmacy.  (*Id.* at ¶ 28).

As a result of the audit, EHC conducted an investigation.  (*Id.* at ¶¶ 28-39). Plaintiff alleges that she and two male employees with the job title Nurse Clinician III were investigated as a result of the audit.  (*Id.* at ¶¶ 28-44).  Plaintiff provides no factual allegations concerning the job duties performed by these two male employees, aside from summarily asserting that their job duties were "similar" to hers.  (*Id.* at ¶ 33).  Likewise, Plaintiff fails to identify her supervisor or the two males nurses' supervisors. (*Id.* at ¶ 32).  Plaintiff does not provide any factual allegations concerning these two employees years of nursing experience or whether they were ever assigned as a resource nurses in the Neuro-ICU, which according to Plaintiff, would have meant that they were subject to a different documentation "expectation" than nurses who were assigned to specific patients.  (*Id.* at ¶¶ 24-25). Nonetheless, Plaintiff alleges that, during EHC's investigation, she was treated differently than these two employees, i.e., they were provided with a list of times and dates of their withdrawals of medication and she was not, yet she does not attribute this disparate treatment to her sex or any other protected class. (*Id.* at ¶¶ 39-44).  Plaintiff alleges that the two male employees were reprimanded after the investigation and that her

employment was terminated. (*Id.* at ¶¶ 37-38). Plaintiff does not attribute this difference in discipline to her sex or any other protected class.

On September 19, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission wherein she alleged that her termination was the result of sex discrimination in violation of Title VII. (*Id.* at ¶ 40). The EEOC issued a Dismissal and Notice of Rights on July 24, 2017. (ECF No. 1-1).

On October 25, 2017, Plaintiff filed her initial Complaint alleging that EHC's decision to terminate her employment gives rise to claims for disparate treatment based on sex under Title VII and Title IX. (ECF No. 1). Plaintiff's two claims were based on the same factual allegations. (*Id.* at ¶¶ 42, 66). On November 20, 2017, Plaintiff sent a waiver of service of process which Defendant executed. (ECF No. 4).

On January 19, 2018, Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because her claims failed to state a claim for relief and because her Title IX claim is preempted by her Title VII. (ECF. No. 5).

On February 2, 2018, Plaintiff filed an Amended Complaint. (ECF No. 10). Plaintiff made no amendments to her Title IX claim or the factual allegations in support of this claim. The majority of Plaintiff's amended factual allegations concern changing her vague allegations concerning unidentified "male supervisors" to vague

allegations concerning two male nurses.  (*Compare* ECF No. 1 at ¶¶ 34-39 with ECF No. 10 ¶¶ 39-44).

### III.   LEGAL ARGUMENT AND CITATION OF AUTHORITIES
#### A. The Applicable Legal Standard.

Under Fed. R. Civ. P. 12(b)(6), a plaintiff's amended complaint will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, the Court also will not "accept as true a legal conclusion couched as a factual allegation." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must show more than the "mere possibility of misconduct." *Ashcroft,* 556 U.S. at 679. Rather, the plaintiff's allegations must "nudge[] [plaintiff's] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570.

In analyzing the sufficiency of a complaint under Rule 12(b)(6), the Court does not assume that the plaintiff can prove facts she did not allege or that the defendant violated the law in ways that have not been alleged. (*Id.* at 563 n. 8).  Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law, such as statutory preemption. *See Marshall County Bd. of Educ. v. Marshall County Gas. Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993); *Torres v. Sch. Dist. of*

6

*Manatee Cty., Fla.*, No. 8:14-cv-1021, 2014 U.S. Dist. LEXIS 117254, at *6 (M.D. Fla. Aug. 22, 2014)(applying Fed. R. Civ. P. 12(b)(6) and dismissing plaintiff's Title IX claim on the grounds that it was preempted by her Title VII claim).

Applying these well-established principles to the allegations in the Amended Complaint, the Court should dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) because "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *See Jackson v. Bellsouth Telecomms*, 372 F.3d 1250, 1263 (11th Cir. 2004) (dismissing plaintiffs' disparate treatment claims at the pleading stage because their allegations were "wholly conclusory, generalized, and non-specific"). In addition, Plaintiff's Title IX claim should be dismissed on statutory preemption grounds.

### B. Plaintiff's Title IX Discriminatory Termination Claim.

Plaintiff purports to bring a claim under Title IX for disparate treatment based on sex. (ECF No. 1 at ¶¶ 56-63). As codified, Title IX provides as follows: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681. The Supreme Court has stated that Title IX applies only to "educational institutions." *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 695 n.17 (1979) ("Title IX is applicable

only to certain educational institutions receiving federal financial assistance . . ."). "Educational institution" is defined, in relevant part, as "any public or private preschool, elementary, or secondary school, or any institution of vocational, professional, or higher education . . ." 20 U.S.C. § 1681(c).

Plaintiff's Complaint does not allege, as it must to withstand the instant motion to dismiss, that Emory Healthcare is an educational institution within the ambit of Title IX. For example, Plaintiff makes no allegations concerning any educational features associated with EHC, such as tuition, teachers, a curriculum, a course of study, graduation requirements, etc. Plaintiff's meager attempt to plead this required element consists of vague, boilerplate allegations, such as "Defendant is subject to the requirements of Title IX" and "Defendant's hospital acts jointly as an educator and employer."[2] (ECF No. 10 at ¶¶ 8, 17).

Even assuming that Plaintiff has adequately pled that EHC is an educational institution and therefore subject to Title IX, her claim must nonetheless be dismissed because it is preempted by Title VII. Plaintiff's Title IX claim and Title VII claim are premised on the same general factual allegations and the same underlying conduct. In this regard, Plaintiff's Title VII claim incorporates all of the general

---

[2] Plaintiff does not identify "Defendant's hospital" or provide any factual allegations concerning its operations.

8

allegations embedded in her Title IX claim. *Compare* ECF No. 10 at. ¶ 47 (incorporating all general allegations into Title VII claim) with ECF No. 10 at. ¶ 56 (incorporating all general allegations into Plaintiff's Title IX claim). Plaintiff also seek the same remedies from her Title VII and IX claims. *Compare id.* at ¶¶ 53-54 (seeking back pay, benefits and compensatory damages for Title VII claim) with *id.* at ¶¶ 62-63 (seeking back pay, benefits and compensatory damages for Title IX claim).

Federal appellate courts have determined that, because Title VII provides an adequate remedy to address alleged sex-based discrimination in the workplace, the remedy available under Title VII preempts Title IX in cases where, like this one, a plaintiff seeks relief under both statutes. *See, e.g., Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 248 (5th Cir. 1997); *Waid v. Merrill Area Public Schs.*, 91 F.3d 857, 861-62 (7th Cir. 1996) (abrogated on other grounds by *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246 (2009)); *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995).

This Court, as well as district courts within the Eleventh Circuit have consistently held that Title VII preempts claims under Title IX.[3] *See, e.g,. Cooper v.*

---

[3] The Eleventh Circuit has not yet addressed this specific aspect of the relationship between Title VII and Title IX.

*Ga. Gwinnett Coll.,* No. 1:16-cv-01177-TWT-JFK, 2016 U.S. Dist. LEXIS 147705, at *17 (N.D. Ga. Sept. 16, 2016); *Carvalho-Knighton v. Univ. of S. Fla. Bd. of Trs.*, No. 8:14-cv-1097, 2015 U.S. Dist. LEXIS 184759, at *2 (M.D. Fla. Oct. 13, 2015) (declining to allow plaintiff to amend the complaint to include a proposed Title IX claim after applying FRCP 12(b)(6) principles "because, to the extent that Title IX applies at all on these facts, it overlaps completely with the related Title VII claim and would be preempted by it"); *Torres v. Sch. Dist. of Manatee Cty., Fla.*, No. 8:14-cv-1021, 2014 U.S. Dist. LEXIS 117254, at *6 (M.D. Fla. Aug. 22, 2014) (dismissing Title IX claim brought by teacher and "hold[ing] that Title VII preempts [the teacher's] Title IX claims"); *Schultz v. Bd. of Trustees of Univ. of W. Fla.*, No. 3:06-cv-442, 2007 U.S. Dist. LEXIS 36815, at *3 (N.D. Fla. May 21, 2007) ("[C]onsistent with the weight of authority, that the 'precisely drawn, detailed enforcement structure' and 'comprehensive remedial scheme' that is Title VII preempts the more general remedy under Title IX in this case."); *Hankinson v. Thomas Cty. Sch. Dist.*, No. 6:04-cv-71, 2005 U.S. Dist. LEXIS 25576, at *6 (M.D. Ga. Oct. 28, 2005) ("[T]his Court agrees with those courts that hold Title VII preempts employment discrimination claims for damages brought under Title IX."); *Morris v. Wallace Cmty. Coll.-Selma,* 125 F. Supp. 2d 1315, 1343 (S.D. Ala. 2001) ("In light of the weight of authority that a Title IX claim of employment discrimination may not be maintained to the extent

that Title VII provides a parallel remedy, and of the plaintiff's failure to provide any support for a contrary conclusion, the Court rules that the plaintiff's Title IX claim is precluded by Title VII"); *Blalock v. Dale County Bd. of Educ.*, 84 F. Supp. 2d 1291, 1298 (M.D. Ala. 1999) ("We hold that Title VII provides the exclusive remedy for individuals alleging employment discrimination on the basis of sex in federally funded educational institutions"); *Gibson v. Hickman,* 2 F. Supp. 2d 1481, 1484 (M.D. Ga. 1998) ("This court agrees with those courts finding that Title VII preempts employment discrimination claims for money damages brought under Title IX"); *Hazel v. Sch. Bd. of Dade Cty., Fla.,* 7 F. Supp. 2d 1349, 1354 (S.D. Fla. 1998) (dismissing Title IX claims with prejudice and adopting "the line of cases that hold that Title VII is the exclusive remedy for employment discrimination claims on the basis of sex in federally funded educational institutions").

Furthermore, if this Court allows employees to proceed with Title IX claims for sex discrimination arising from their employment, it would essentially be permitting plaintiffs to circumvent the administrative framework and statute of limitations applicable to Title VII claims.[4]  This would "eviscerate Title VII's

---

[4] It is well-settled that before a plaintiff may pursue a Title VII claim, she first must exhaust her administrative remedies by filing an EEOC Charge. *Price v. M & H Valve Co.,* 177 Fed. Appx. 1, 9 (11th Cir. 2006). For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the alleged discriminatory act. *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (footnote continued)

11

technical and administrative requirements, thereby giving plaintiffs who work at federally funded institutions unfettered ability to bring what are in reality Title VII sexual discrimination claims without adhering to the same rules required of every other employment discrimination plaintiff in the country." *Gibson*, 2 F. Supp. 2d at 1484 (M.D. Ga. 1998); *see also Tompkins v. Barker,* No. 2:10-cv-1015, 2011 U.S. Dist. LEXIS 90788, at *5 (M.D. Ala. July 13, 2011) ("The undersigned can conceive of no reason why Congress would intend that a plaintiff-employee of a federally funded education institution be allowed to circumvent the unique legal and administrative requirements imposed on employees asserting identical employment discrimination claims under Title VII merely because the plaintiff is employed by a federally funded education institution."). Therefore, because Plaintiff has adequate remedies under Title VII for her employment-related discrimination claim, and because her Title IX and Title VII claims are based on the same factual allegations, any Title IX claim purportedly raised by Plaintiff is preempted and due to be

---

(11th Cir.2001). Title IX, however, does not contain an administrative exhaustion requirement. Moreover, Congress did not provide a statute of limitations for Title IX so the "most closely analogous" statute of limitations under state law governs the federal cause of action. *Reed v. United Transp. Union,* 488 U.S. 319, 323 (1989). Courts generally agree that a Title IX claim for damages is most closely analogous to a common law action for personal injury; therefore, the statute of limitations for personal injury actions controls, which in Georgia is two years. *See* O.C.G.A. § 9-3-33; *M.H.D. v. Westminster Schs*., 172 F.3d 797 (11th Cir. 1999).

dismissed with prejudice.[5]

### C. **Plaintiff's Title VII Discriminatory Termination Claim.**

Plaintiff's amended Title VII claim of sex discrimination based on disparate treatment fails because she has not plead a *prima facie* case.  A *prima facie* case of disparate treatment based on sex requires that a plaintiff plead that: (1) she is female, (2) she was subject to an adverse employment action, (3) the employer treated similarly-situated males more favorably, and (4) she was qualified for the job." *Carter v. Bowman*, 172 Fed. Appx. 915, 917 (11th Cir. 2006) (citation omitted). To adequately plead the third element, a plaintiff must allege that she is similarly-situated in all relevant respects to those employees. *See Woods v. Cent. Fellowship Christian Acad.*, 545 Fed. Appx. 939, 945 (11th Cir. 2013); *Sanguinetti v. United Parcel Serv., Inc.*, 141 F. Supp. 2d 1313, 1317 (S.D. Fla. 2000) (stating that the individuals with whom an employee seeks to compare herself must have: (1) dealt with the same supervisor or decision-maker, (2) been subject to the same standards, and (3) engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of

---

[5] While monetary damages may be recovered in a Title VII or Title IX action, punitive damages may not. *See Barnes v. Gorman* , 536 U.S. 181, 187-89 (2002).  Accordingly, to the extent the Court allows Plaintiff's Title IX to proceed, it must dismiss her claim for punitive damages with respect to this claim.

them for it.).  If a plaintiff fails to show the existence of a similarly-situated employee, judgment as a matter of law under Fed. R. Civ. P. 12(b)(6) is appropriate. *See Arafat v. Sch. Bd. of Broward Cty.*, 549 Fed. Appx. 872, 874 (11th Cir. 2013) (affirming dismissal of plaintiff's sex discrimination claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

In this case, Plaintiff's second attempt to plead that she and two male nurses are similarly-situated for purposes of her claim fails.  Plaintiff now summarily alleges that she and two male employees had "similar" job duties but does not provide any factual allegations concerning what they might be.  (ECF. No. 10 at ¶ 33).  Similarly, Plaintiff does not identify her supervisor or the two male employees' supervisors, choosing instead to allege that they all "worked under the same supervisory chain." (*Id.* at ¶ 32).  Plaintiff's amended allegations are insufficient to establish that the two male individuals are comparators because she fails to identify or provide any factual allegations to show that she and the employees are similarly-situated in all relevant respects or that they are "nearly identical." *See Benjamin v. Holy Cross Hosp.*, No. 11-cv-62142, 2012 U.S. Dist. LEXIS 72365, at *2 (S.D. Fla. May 24, 2012) (noting, at the motion to dismiss stage, that "a comparator must be similarly situated in all relevant respects and nearly identical to the plaintiff"); *Scribner v. Collier Cty.*, No. 2:10-cv-728, 2011 U.S. Dist. LEXIS 75980, at *4 & n.5 (M.D. Fla. July 14, 2011)

(noting that "the comparator must be nearly identical to prevent courts from second-guessing employers' reasonable decisions," and granting defendants' motion to dismiss plaintiff's discrimination claims because "plaintiff's allegations of a comparator are insufficient").

The Eleventh Circuit has affirmed the dismissal of Title VII sex discrimination claims under Fed. R. Civ. P. 12(b)(6) premised on conclusory allegations of disparate treatment similar to those contained in Plaintiff's Amended Complaint. For example, in *Arafat v School Board of Broward County*, the plaintiff claimed she was underpaid by her employer because she was a woman. 549 Fed. Appx. 872 (11th Cir. 2013). She alleged that "'male" employees who worked jobs "requiring equal skill, effort and responsibility' were paid more than her during her employment." *Id.* at 875. The Eleventh Circuit dismissed plaintiff's claim on the grounds that "[s]he did not plead the facts comparing her skill, effort, and responsibility levels to those younger males who were allegedly paid more than her." *Id.*

Like the plaintiff in *Arafat*, Plaintiff fails to allege that she and her purported comparators were equally qualified and competent, or that they worked for the same supervisor or that the same supervisor was responsible for disciplining them. *See Caraway v. Secy, U.S. Dep't of Transp.,* 550 Fed. Appx. 704, 710 (11th Cir. 2013) (stating, at the motion to dismiss stage, that "differences in treatment by different

decision makers can seldom be the basis for a viable claim of discrimination"); *accord Silvera v. Orange Cty. Sch. Bd.*, 244 F.3d 1253, 1261 n.5 (11th Cir. 2001). Moreover, Plaintiff does not allege whether the two male nurses ever served as resource nurses. This omission is crucial given that Plaintiff alleges that Neuro-ICU nurses who are assigned as resource nurses on a shift are not expected to document medication withdrawals. (ECF No. 1 at ¶¶ 23-24). At best, Plaintiff's bare allegations in support of her disparate treatment claim faintly suggest a "suspicion" or "possibility" of misconduct, yet they do not raise "a reasonable expectation that discovery would reveal evidence that these Defendant acted with racially-discriminatory animus." *Twombly*, 550 U.S. at 555, 557. For these reasons, Plaintiff's Title VII claim should be dismissed for failure to state a claim for relief.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss Plaintiff's Amended Complaint.

Respectfully submitted this 16th day of February, 2018.

/s/ Toni J. Read
John S. Snelling
Georgia Bar No. 665759
Toni J. Read
Georgia Bar No. 140982
Lewis Brisbois Bisgaard & Smith LLP
1180 Peachtree Street

Suite 2900
Atlanta, GA  30309
(404) 567-6588 (telephone)
(404) 467-8845 (facsimile)
Email: john.snelling@lewisbrisbois.com
          toni.read@lewisbrisbois.com


Attorneys for Defendant
Emory Healthcare, Inc.

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Complaint** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Complaint** has been typed in Times New Roman 14 count.

/s/  Toni J. Read
Toni J. Read

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 16th day of February, 2018, that the foregoing **Defendant's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Amended Complaint** was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following attorneys of record for Plaintiff:

>Amanda M. Brookhuis
>Kirby G. Smith
>The Kirby G. Smith Law Firm, LLC
>4488 North Shallowford Road
>Suite 105
>Atlanta, GA 30338

>/s/ Toni J. Read
>Toni J. Read
>Georgia Bar No. 140982
>
>Attorney for Defendant
>Emory Healthcare, Inc.

4814-6421-2317.1